UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NOLAN JARVIS (#128609)

VERSUS                                              CIVIL ACTION

TIM KEITH, ET AL                                    NUMBER 12-599-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 4, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NOLAN JARVIS (#128609)

VERSUS                                                CIVIL ACTION

TIM KEITH, ET AL                                      NUMBER 12-599-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Nolan Jarvis.  For the reasons which follow, the petition should be dismissed as untimely.

### Background

Petitioner was convicted of one count first-degree robbery in the Nineteenth Judicial District Court for East Baton Rouge Parish, Louisiana, in 1989.  Petitioner was subsequently adjudicated a habitual offender pursuant to LSA-R.S. 15:529.1 and was sentenced to a 30 year term of imprisonment at hard labor without benefit of probation, parole or suspension of sentence.

On direct appeal the petitioner asserted the following assignments of error:

1. the trial court erred by sustaining the State's objection to alleged hearsay testimony;

2. there was insufficient evidence to support conviction;

3. the trial court erred by imposing an excessive sentence and failing to adequately follow the sentencing guidelines in LSA-C.Cr.P. art. 894.1; and,

  4. the trial court erred by adjudicating the petitioner a habitual offender.

The Louisiana First Circuit Court of Appeal affirmed the petitioner's conviction and sentence. *State of Louisiana v. Nolan R. Jarvis,* 1989-1920 and 1989-1921 (La. App. 1st Cir. 10/16/90), 569 So.2d 163. Petitioner sought supervisory review by the Louisiana Supreme Court. The Louisiana Supreme Court denied review specifically relying on La.C.Cr.P. art. 930.8. *State of Louisiana v. Nolan R. Jarvis*, 1994-3013 (La. 11/8/96), 683 So. 2d 263.

On November 11, 2007, the petitioner filed Administrative Remedy Procedure ("ARP") DWCC-07-1309 challenging his ineligibility to earn good time credits. The Louisiana Department of Public Safety and Corrections denied the ARP. Petitioner sought judicial review.

On June 2, 2009, the Nineteenth Judicial District Court entered judgment affirming the decision of the Department at the institutional level.

Petitioner appealed. The Louisiana First Circuit Court of Appeal affirmed the district court's judgment. *Nolan Jarvis v. James LeBlanc, et al,* 2009-1601 (La. App. 1st Cir. 3/26/10) (unpublished opinion).

Petitioner sought supervisory review in the Louisiana Supreme Court. The Louisiana State Supreme Court denied review. *Nolan Jarvis v. James LeBlanc, et al*, 2010-0792 (La. 4/25/11), 62 So.3d 68.

Petitioner signed his federal habeas corpus application on September 20, 2012, and it was filed on September 24, 2012.

No evidentiary hearing is required.

**Applicable Law and Analysis**

Petitioner argued that LSA-R.S. 15:571.3.C, as amended in 1992, was retroactively applied to his 1989 conviction.  The statute prohibits diminution of sentence, i.e. earning good time, for persons convicted of specified offenses.  Petitioner argued that when he was convicted in 1989 for first degree robbery, that crime was not included in the statute.  Petitioner argued that the application of the 1992 amended version of the statute violated the Ex Post Facto Clause of the United States Constitution.

Petitioner's argument is based on a false premise.  Petitioner is not prohibited from earning good time by the application of the 1992 version of the statute.  Rather, under the 1989 version he was prohibited from earning good time because he had been previously convicted of felony theft in 1986 and was sentenced as a habitual offender.[1]  Petitioner was ineligible to earn good time from when he was sentenced as a habitual offender in 1989; petitioner's Ex

---

[1] *See* LSA-R.S. 15:571.3.C(1)(m) and (2) (in effect in 1989 and quoted in the Petition, p. 9, n. 1).  Both the issue of the petitioner's prior felony conviction and his habitual offender adjudication and sentence were addressed by the Louisiana First Circuit Court of Appeal in the petitioner's direct appeal.  *State v. Jarvis*, supra, at 166-67.  Petitioner does not challenge here his sentence as a habitual offender.

Post Facto argument simply does not apply in his circumstances.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has one year within which to file a petition for a writ of habeas corpus.  The limitation period would normally run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  Section 2244(d)(1)(A).  However, where the time period expired before the effective date of the AEDPA, April 24, 1996, the prisoner must be accorded a reasonable time after the effective date within which to file a petition for habeas  corpus relief. One year, commencing on April 24, 1996, presumptively constitutes a reasonable time for those prisoners whose convictions had become final prior to the enactment of the AEDPA to file for relief under § 2254.  *Sonnier v. Johnson*, 149 F.3d 734 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697,

4

701 (W.D. Tex. 1998). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final on November 15, 1990.[2] Because the petitioner's conviction occurred prior to the effective date of the AEDPA, the petitioner had one year from the effective date of the AEDPA, or until April 24, 1997, to file his federal habeas corpus application.

---

[2] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2003) ("[A] conviction becomes final at the conclusion of direct review or when the time for such review has expired, as specified by AEDPA, regardless of when state law says finality occurs."). Normally that time expires 90 days after the state court of last resort enters its judgment. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). But when the defendant concludes his state-court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. This federal rule applies even where state law provides that finality occurs on a different date. *Compare* La. Code Crim. Proc. art. 922(B) (providing that the court of appeal's judgment becomes final under Louisiana law fourteen days after the rendition of judgment in all cases in which an application for a writ of review is not filed with the Louisiana Supreme Court), *and* La. Sup. Ct. R. X, § (5)(a) ("An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...."), *with Roberts*, 319 F.3d at 693 n. 15 (noting that the judgment of an intermediate court of appeals is not final under Texas law until the mandate has issued), *and id.* at 694-95 (rejecting the argument that the mandate-issuance date should determine finality under AEDPA).

5

By the time the petitioner filed his ARP on November 11, 2007, the time for filing a federal habeas corpus application had already expired. Petitioner's federal habeas corpus application was not timely filed.

Nor is there any basis in the record for equitable tolling. The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000). The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814 (2005).

A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, December 4, 2012.

				STEPHEN C. RIEDLINGER
				UNITED STATES MAGISTRATE JUDGE